THE CITY OF CHICAGO, Plaintiff-Appellant, *v.* PHILLIP VELLA *et al.,* Defendants-Appellees.

(No. 54502; )

First District—September 29, 1972.

Richard L. Curry, Corporation Counsel, of Chicago, (Marvin E. Aspen and Daniel Pascale, Assistant Corporation Counsel, of counsel,) for appellant.

No appearance for appellees.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

The former and present owners of the property in question were made defendants by the City of Chicago which sought a mandatory injunction to require the building to be brought into compliance with the Chicago Zoning Ordinance and the terms of the building permit. The trial court imposed a fine of $1,000 against the former owner who had built the building, but dismissed the action against the present owners and enjoined the City from interfering with their use of the premises. The City has appealed from the order in its entirety.

The building for which the permit issued was to contain 11 efficiency apartments and one lodging room. For such a building, the total size of the lot, the depth of the rear yard, and the number of off-street parking spaces would all have been adequate to comply with the Zoning Ordinance. As constructed, however, the building contained 12 bedroom apartments (and the one lodging room) which resulted in a failure of compliance with the Zoning Ordinance in each of the respects mentioned above. No evidence was introduced by defendants, nor have they appeared in this court.

A case involving different defendants and different property, but identical as to the basic issue involved, was before another Division of this court in *City of Chicago v. Exchange National Bank*, (Ill.App.2d), 273 N.E.2d 484. In that case also the trial court refused to enter the deconversion injunction sought by the City and the order was reversed and remanded with directions to grant the relief prayed for in the complaint. The decision was affirmed by the Supreme Court at 51 Ill.2d 543, 283 N.E.2d 878, holding that the defendants had not overcome by proof their burden to show that enforcement of the ordinance would not be of benefit to the health, safety and welfare of the public; nor had they offered any evidence of affirmative acts on the part of the City which led them to believe that the building was in compliance, there having been nothing to support the defendants' assumption that the City knew of the failure to comply with the building permit when it had issued a certificate of occupancy. Both these points are applicable to the instant case and are controlling of our decision.

The order of the Circuit Court is reversed and the cause is remanded

with directions to enter a decree granting the relief prayed for in the City's complaint.

Reversed and remanded with directions.

LORENZ, P. J., and DRUCKER, J., concur.